## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

FAITH HAYNES,                                          )
                                                       )
        Plaintiff,                                   )
                                                       )    Case No. 3:25-cv-1143
v.                                                     )
                                                       )
MASCOUTAH COMMUNITY UNIT SCHOOL                        )
DISTRICT 19 BOARD OF EDUCATION,                        )
TRAVIS KLEIN, BRANDON WOODROME                         )
and DR. DAVE DEETS,                                    )
                                                       )
        Defendants.                                  )

## COMPLAINT

COMES NOW Plaintiff, Faith Haynes, by and through her attorneys, Mathis, Marifian & Richter, Ltd., and for her Complaint against the Defendants, Mascoutah Community Unit School District 19 Board of Education, Travis Klein, Brandon Woodrome and Dr. Dave Deets, states as follows:

## NATURE OF ACTION

This is an action brought under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, the Illinois Human Rights Act, the Illinois Pregnancy Discrimination Accommodation Act, the Pregnant Workers Fairness Act, the Americans with Disabilities Act, the Family Medical Leave Act, and Illinois common law to correct for unlawful discrimination, harassment, and retaliation based on sex, pregnancy, disability and perceived disability. Plaintiff, who was employed by Defendant as a school teacher, was subjected to unwanted and unlawful harassment and discrimination based on her gender, pregnancy and pregnancy-related disability/perceived disability, and was unlawfully terminated from her employment in retaliation for same.

## JURISDICTION AND VENUE

1.    Plaintiff brings this action to remedy violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*., as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a, the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.,* the Family and Medical Leave Act, as amended,  29 U.S.C. § 2601, *et seq.,* and Illinois common law. Jurisdiction of the state law claims is founded upon the pendent or supplemental jurisdiction of the Court pursuant to *United Mine Workers of America v. Gibbs*, 38 U.S. 715 (1966), and 28 U.S.C. § 1367.

2.    Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices and alleged unlawful acts were committed within the jurisdiction of the United States District Court for the Southern District of Illinois, and the Defendants are located, have facilities and operations, conduct business and/or reside in the Southern District of Illinois.

3.    Plaintiff has complied with all administrative prerequisites by filing timely a Charge of Discrimination based on sex, pregnancy and disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights more than 60 days before the filing of this lawsuit.  A true and accurate copy of that Charge is attached as Exhibit 1.

4.    The EEOC/United States Department of Justice Civil Rights Division has issued a Notice of Right-to-Sue to Plaintiff.  A true and accurate copy of the Notice of Right-to-Sue is attached as Exhibit 2.

## PARTIES

5.      Plaintiff, Faith Haynes, is female and, at all times relevant herein, was a citizen and resident of Mascoutah, St. Clair County, Illinois.

6.      At all times relevant herein, the Defendant, Mascoutah Community Unit School District 19 Board of Education ("MCUSD19"), was and is a body politic and a school district organized and operating under the laws of the State of Illinois, located in St. Clair County, Illinois, and having at least 15 employees.

7.      The Defendant, MCUSD19, is charged with, and responsible for, the operation of public schools within the district, including Mascoutah Middle School, and at all times relevant to this Complaint, was acting in that capacity under the color of state law.

8.      The Defendant, MCUSD19, is, and at all times relevant herein was, an education program or activity receiving federal financial assistance within the meaning of Title IX, 20 U.S.C. § 1681.

9.      The Defendant, MCUSD19, is, and at all times relevant herein was, a unit of State, county, or local government in Illinois within the meaning of the Illinois Civil Rights Act of 2003, 740 ILCS § 23/5.

10.     At all times relevant herein, the Defendant, MCUSD19, constituted an employer within the meaning of the 42 U.S.C. §2000e and the Illinois Human Rights Act, employing 15 or more employees within the state of Illinois during 20 or more calendar weeks within the calendar year of or preceding the alleged violation.

11.     At all times relevant herein, the Defendant, Travis Klein, was and is a citizen and resident of St. Clair County, Illinois.

12.     At all times relevant herein, the Defendant, Brandon Woodrome, was and is a citizen and resident of St. Clair County, Illinois.

13.     At all times relevant herein, the Defendant, Dr. Dave Deets, was and is a citizen and resident of St. Clair County, Illinois

## GENERAL ALLEGATIONS

14.     At all times relevant herein, Plaintiff was a female employed by the Defendant, MCUSD19, as a teacher at the Mascoutah Middle School located in Mascoutah, St. Clair County, Illinois.

15.     At all times relevant herein, the Defendant, Travis Klein, was a Principal at Mascoutah Middle School employed by the Defendant, MCUSD19, and was Plaintiff's supervisor.

16.     During the fall semester of the 2023-2024 school year, Plaintiff became pregnant.

17.     During the fall semester of the 2023-2024 school year, Plaintiff informed the Defendant, MCUSD19, including Principal Travis Klein, of her pregnancy.

18.     On or about October 3, 2023, Plaintiff suffered a miscarriage.

19.     Upon suffering the miscarriage, Plaintiff promptly informed Defendant, MCUSD19, including Principal Klein, of her miscarriage.

20.     As a result of her miscarriage, Plaintiff's treating medical care provider took her off work from October 3, 2023, to October 5, 2023.

21.     Following her miscarriage, Plaintiff developed postpartum depression, including depression, anxiety and emotional distress, which affected and limited Plaintiff's ability to work and to perform activities of daily living.

22.     As a result of developing postpartum depression, Plaintiff was seen by her treating physician who recommended that Plaintiff take time off from work and go on a vacation to treat postpartum depression arising out of her miscarriage.

23.     Plaintiff's medical care provider provided Plaintiff with a written note taking her off work.

24.     Plaintiff provided Defendants MCUSD19 and Principal Klein the written note from her medical care provider taking her off work.

25.     Plaintiff took vacation from December 4, 2023 to December 8, 2023, during which time Plaintiff and her husband undertook activities to address and treat postpartum depression.

26.     On or about December 11, 2023, following her return to work, Plaintiff was called into a meeting by Principal Klein who questioned Plaintiff about her vacation and time off work.

27.     Principal Klein accused Plaintiff of taking a vacation instead of taking time off work for a medical or mental health condition.

28.     Plaintiff explained to Principal Klein that her treating medical care provider had recommended that she take the vacation to address and treat depression and anxiety surrounding her miscarriage.

29.     Principal Klein refused to accept the recommendation of Plaintiff's medical care provider and the written note authorizing Plaintiff to take off work to treat her medical/mental health condition.

30.     Instead, Principal Klein accused Plaintiff of being "*shady*" and improperly claiming medical time off from work in order to take a vacation.

31.     Principal Klein informed Plaintiff that if she was going to claim time off work for a mental health condition, she needed to be in an "*institution*" and not on a vacation or trip.

32.     Principal Klein's statements were discriminatory to Plaintiff and others who are pregnant and/or suffer from pregnancy related medical/mental health conditions.

33.     Principal Klein informed Plaintiff that he was going to go to MCUSD19's District Office to see what he could do to discipline Plaintiff.

34.     On or about December 12, 2023, Plaintiff again met with Principal Klein, along with Assistant Principal Karen Mulvihill and a union representative, Xander Hardt.

35.     Principal Klein again questioned Plaintiff regarding the reason for taking time off work.

36.     Plaintiff again explained to Principal Klein that she had suffered a miscarriage and was suffering from depression and anxiety, and that her medical care provider had recommended the vacation as treatment for those medical/mental health conditions.

37.     Principal Klein accused Plaintiff of not going on the vacation because of her miscarriage or mental health issues, but because she just wanted to go on a vacation.

38.     Principal Klein made these accusations against Plaintiff without requesting or obtaining a medical/mental health opinion.

39.     On or about December 13, 2023, Principal Klein informed Plaintiff that she would have to meet with him and Assistant Superintendent Brandon Woodrome to discuss her time off work from December 4 to 8, 2023.

40.     On or about December 18, 2023, Plaintiff met with Principal Klein and Assistant Superintendent Woodrome, along with union representative Michelle Jackson.

41.     Principal Klein and Assistant Superintendent Woodrome again questioned Plaintiff about the reason for her time off work and asked for the names of her treating medical care providers.

42.     Plaintiff informed Principal Klein and Assistant Superintendent Woodrome of the name of her treating medical care providers.

43.     Assistant Superintendent Woodrome informed Plaintiff that she could not use mental health days for vacation, and that Plaintiff could only use mental health days if she was in a hospital or institution for treatment of mental health.

44.     Plaintiff was told by Principal Klein and Assistant Superintendent Woodrome that MCUSD19 would not accept her medical care provider's note taking her off of work on December 6, 7 and 8, 2023, because Principal Klein and Assistant Superintendent Woodrome did not believe that these were valid sick or mental health days, even though Plaintiff had submitted a note from her medical care provider taking her off work for those dates.

45.     Principal Klein and/or Assistant Superintendent Woodrome accused Plaintiff of intentionally lying and misleading them about the purpose of her absence.

46.     Principal Klein's and Assistant Superintendent Woodrome's statements were discriminatory to Plaintiff and others who are pregnant and/or suffer from pregnancy related medical/mental health conditions.

47.     Principal Klein and/or Assistant Superintendent Woodrome made these unsupported accusations against Plaintiff without requesting or obtaining a medical/mental health opinion.

48.     Plaintiff was told by Principal Klein and/or Assistant Superintendent Woodrome that she would have to repay the wages she received for December 6, 7 and 8, 2023.

49.     Principal Klein and/or Assistant Superintendent Woodrome also instructed Plaintiff that she would be required to disclose to Principal Klein and/or administration personnel the nature of any future planned absences and to obtain prior approval from them.

50.     Similarly situated non-pregnant employees are not required to disclose the details of their medical absences.

51.     Shortly before Christmas, Plaintiff's pay was docked by the Defendants in retaliation for having taken time off work on December 6, 7 and 8, 2023, pursuant to her medical care provider's orders.

52.     In early 2024, Plaintiff again became pregnant.

53.     Plaintiff's treating medical care provider diagnosed Plaintiff with a high-risk pregnancy and advised Plaintiff that she would need to attend various medical appointments to monitor and treat her serious medical condition.

54.     Although Plaintiff did not believe that it was appropriate or legal for her employer to require her to disclose the details of her medical condition or the specific reasons for medical absences, because she had been instructed to do so by Principal Klein and/or Assistant Superintendent Woodrome, on January 26, 2024, Plaintiff informed Principal Klein of her high risk pregnancy and requested reasonable accommodations in the form of taking time off work 30 minutes early to attend medical appointments.

55.     Plaintiff advised Principal Klein that she would come in to work 30 minutes early to make up the time.

56.     Principal Klein advised Plaintiff: "*That would be inequitable.*"

57.    Upon information and belief, similarly situated non-pregnant employees are granted this reasonable accommodation and are allowed to leave early for medical care appointments if they make up their time.

58.    On or about January 31, 2024, Plaintiff contacted Assistant Principal Stephen Sargent and informed him of Principal Klein's denial of her request to take off 30 minutes early to attend a doctor's appointment and that other employees had been approved to take off early to attend medical appointments.

59.    Assistant Principal Sargent told Plaintiff that he would talk to Principal Klein about his denial.

60.    Thereafter, Plaintiff was granted leave to take off early to attend medical appointments.

61.    On or about February 13, 2024, Plaintiff was given a performance evaluation by Principal Klein.

62.    All of Plaintiff's evaluations prior to that date had been excellent, scoring in the top category in most if not all areas.

63.    However, during the February 13, 2024, evaluation Principal Klein gave Plaintiff a reduced score in "professionalism."

64.    When Plaintiff asked Principal Klein why he had given her the reduced score, he told Plaintiff that it was because he believed that she had not been honest when she had taken time off work even though Plaintiff had provided an off work slip from her medical care provider recommending the vacation to treat depression and anxiety following Plaintiff's miscarriage.

65.    Principal Klein informed Plaintiff that, based on that issue, he was going to recommend that MCUSD19 not renew her contract for the following school year.

66.    Principal Klein informed Plaintiff that he had talked to the Superintendent who agreed with his recommendation.

67.    The following day, on February 14, 2024, Plaintiff wrote an email to Assistant Superintendent Woodrome informing him that Principal Klein had stated that he would be recommending that Plaintiff's contract not be renewed because of the time Plaintiff took off work in December of 2023, pursuant to her medical care provider's note and recommendation.

68.    Plaintiff asked to meet with Assistant Superintendent Woodrome to discuss Principal Klein' decision.

69.    That same day, Plaintiff received an email from Assistant Superintendent Woodrome informing Plaintiff that both he and Superintendent Dr. Dave Deets were aware of the situation and Principal Klein's recommendation not to renew Plaintiff's contract, and that they supported Principal Klein's decision.

70.    Assistant Superintendent Woodrome informed Plaintiff that the non-renewal of her contract would be presented to the school board on February 20, 2024, and that he saw no reason to meet with Plaintiff to discuss this further.

71.    On February 15, 2024, Plaintiff sent an email requesting to meet with the MCUSD19 Board of Education.

72.    On February 16, 2024, Plaintiff met with Superintendent Dr. Dave Deets, Principal Klein and Assistant Superintendent Woodrome.

73.    Once again, Plaintiff was questioned about her time off work.

74.    In an e-mail later that same day, Superintendent Deets informed Plaintiff that the recommendation of non-renewal would stand, and further referenced the effect that non-renewal would have on Plaintiff's future job references.

75.    On February 20, 2024, the MCUSD19 Board of Education met.

76.    According to the published agenda, Superintendent Deets attended the Board of Education meeting.

77.    In a letter addressed to Plaintiff dated February 22, 2024, signed by the President of the MCUSD19 Board of Education, Plaintiff was informed that the Board had acted to non-renew Plaintiff's employment, and stated that Plaintiff's last day of employment would be May 23, 2024.

78.    For the remainder of the school 2023-2024 year, MCUSD19 continued to require Plaintiff to inform Principal Klein and others of the specific reasons for each of Plaintiff's medical absence.

79.    Plaintiff's last date of employment with MCUSD19 was May 23, 2024.

80.    Had MCUSD19, the Board of Education, Principal Klein, Assistant Superintendent Woodrome and/or Superintendent Deets not unlawfully taken action to non-renew Plaintiff's contract and/or recommend non-renewal, Plaintiff would have been tenured with MCUSD19 in August of 2024, and would have received the benefits and increases in pay associated therewith.

81.    Defendants MCUSD19, Principal Klein, Assistant Superintendent Woodrome, and Superintendent Deets discriminated and retaliated against Plaintiff and caused Plaintiff to suffer adverse employment actions including, but not limited to, the following:

   a. Refused to accept the written order of Plaintiff's treating medical care providers for time off work to treat a serious medical/mental health condition;

   b. Refused to accept the written order of Plaintiff's treating medical care providers for time off work to treat a serious medical/mental health condition without obtaining a medical/mental health opinion;

c. Docked Plaintiff's pay for taking time off work recommended by Plaintiff's treating medical care providers to treat a serious medical/mental health condition;

d. Required Plaintiff to disclose the nature and details of her medical/mental health leaves of absence and/or time off from work;

e. Manufactured an unfavorable evaluation of Plaintiff's job performance;

f. Gave Plaintiff an unfavorable evaluation based on her history of pregnancy and pregnancy related medical/mental health treatment;

g. Subjected Plaintiff to embarrassment and humiliation;

h. Subjected Plaintiff to defamatory and false light statements;

i. Non-renewed Plaintiff's contract;

j. Terminated Plaintiff's employment;

k. Denied Plaintiff tenure or the opportunity to achieve tenure;

l. Other adverse employment actions as proven or reasonably inferred from the evidence.

82.     Plaintiff was discriminated and retaliated against by MCUSD19, the Board of Education, Principal Klein, Assistant Superintendent Woodrome, and/or Superintendent Deets based on one or more of the following:

a. Plaintiff's pregnancy and related medical conditions, including but not limited to Plaintiff's miscarriage, postpartum depression, high-risk pregnancy and associated medical/mental health conditions;

b. Plaintiff's sex (female);

c. Plaintiff's disability and/or perceived disability, including but not limited to Plaintiff's pregnancy, miscarriage, postpartum depression, depression and anxiety, high-risk pregnancy, and other associated medical/mental health conditions;

d. for requesting reasonable accommodations, including but not limited to time off work to treat postpartum depression, depression and anxiety arising from or related to Plaintiff's miscarriage, and requests to attend medical appointments;

    e.  for exercising her rights to take time off work pursuant to the Family and Medical Leave Ac;

    f.  for refusing to accept the note and/or order of Plaintiff's treating medical care providers taking Plaintiff off work for serious medical/mental health conditions;

    g.  requiring Plaintiff to disclose the nature and reasons for medical appointments; and

    h.  Other ways as proven or inferred from the evidence.

83.    Similarly situated male and/or non-pregnant employees were not subjected to the unlawful conduct to which Plaintiff was subjected.

84.    The aforementioned unlawful conduct was sufficiently severe or pervasive to create a hostile working environment which altered the terms or conditions of Plaintiff's employment.

85.    The unlawful conduct of the Defendants was done intentionally, recklessly, willfully and/or wantonly, with malice and/or reckless indifference to Plaintiff's legal rights.

## COUNT I

**Discrimination Based on Pregnancy in Violation of Title VII of the Civil Rights Act (42 U.S.C. §§ 2000e et seq.) as Amended by the Pregnancy Discrimination Act**

86.    Plaintiff incorporates Paragraphs 1 through 85 of this Complaint as if fully set forth herein.

87.    Plaintiff was qualified for her position and was pregnant and had suffered a medical/mental health condition related to her pregnancy when Defendants undertook the acts of discrimination alleged herein and terminated her employment and/or non-renewed her contract.

88.    Similarly situated male and/or non-pregnant employees were not subjected to the unlawful conduct to which Plaintiff was subjected.

89.     The aforementioned unlawful conduct was sufficiently severe or pervasive to create a hostile working environment which altered the terms or conditions of Plaintiff's employment.

90.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff was subjected to unlawful discrimination, harassment and hostile work environment based on her pregnancy and/or pregnancy related medical/mental health condition.

91.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered the loss of salary, wages, tenure, bonuses, benefits, and other compensation which her employment entailed.

92.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish, loss of reputation and standing in the community, and emotional and physical distress.

93.     The unlawful conduct of the Defendants was done with malice and/or reckless indifference to Plaintiff's rights under Title VII, and was so outrageous, extreme, and in disregard of the interests of Plaintiff so as to entitle Plaintiff to an award of substantial punitive damages.

WHEREFORE, Plaintiff, Faith Haynes, respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants as follows:

(a)     That a judgment be entered finding that the Defendants intentionally discriminated against Plaintiff with malice and/or reckless indifference to Plaintiff's lawfully protected rights in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.) as Amended by the Pregnancy Discrimination Act;

(b)      That Plaintiff be awarded all wages, benefits and compensation lost due to Defendants' unlawful conduct, including back-pay and front pay, loss of benefits, tenure and other compensation, with prejudgment interest, and such other equitable relief as will make Plaintiff whole and as may be necessary to eradicate the effects of the unlawful employment practices;

(c)      That Plaintiff be made whole by being awarded compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and standing in the community, and humiliation, in amounts to be determined at trial;

(d)      That Plaintiff be awarded all other compensatory and lawful damages permitted by law;

(e)      That Plaintiff be awarded substantial punitive damages;

(f)      That Plaintiff be awarded reasonable attorneys' fees and costs; and

(g)      That Plaintiff be awarded such other and further relief as this Court deems just and proper.

## **<u>COUNT II</u>**

**Retaliation in Violation of Title VII of the Civil Rights Act (42 U.S.C. §§ 2000e et seq.) as Amended by the Pregnancy Discrimination Act.**

94.      Plaintiff incorporates Paragraphs 1 through 93 of this Complaint as if fully set forth herein.

95.      Plaintiff was qualified for her position and was pregnant and/or suffered a medical/mental health condition related to her pregnancy when Defendants undertook the acts of discrimination alleged herein and terminated her employment and/or non-renewed her contract.

96.    Plaintiff engaged in protected activity by reporting her pregnancy, requesting time off work to treat for pregnancy related medical/mental health conditions recommended by her treating medical care providers, voicing her opposition to Defendants' retaliation based on her pregnancy and/or pregnancy related medical/mental health condition, and requesting particular days off for medical care and treatment due to her high-risk pregnancy.

97.    Plaintiff complained of the unlawful discrimination, harassment, and hostile work environment.

98.    After Plaintiff reported and complained of the unlawful discrimination, harassment, and hostile work environment, the Defendants informed Plaintiff that they would not renew her contract of employment.

99.    There was no legitimate business reason for these actions, and the reasons proffered by Defendants, if any, were pretextual.

100.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered the loss of salary, wages, tenure, bonuses, benefits, and other compensation which her employment entailed.

101.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish, loss of reputation and standing in the community, and emotional and physical distress.

102.    The unlawful conduct of the Defendants was done with malice and/or reckless indifference to Plaintiff's rights under Title VII, and was so outrageous, extreme, and in disregard of the interests of Plaintiff so as to entitle Plaintiff to an award of substantial punitive damages.

WHEREFORE, Plaintiff, Faith Haynes, respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants as follows:

(a)     That a judgment be entered finding that the Defendants intentionally discriminated against Plaintiff with malice and/or reckless indifference to Plaintiff's lawfully protected rights in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.) as Amended by the Pregnancy Discrimination Act;

(b)     That Plaintiff be awarded all wages, benefits and compensation lost due to Defendants' unlawful conduct, including back-pay and front pay, loss of benefits, tenure and other compensation, with prejudgment interest, and such other equitable relief as will make Plaintiff whole and as may be necessary to eradicate the effects of the unlawful employment practices;

(c)     That Plaintiff be made whole by being awarded compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and standing in the community, and humiliation, in amounts to be determined at trial;

(d)     That Plaintiff be awarded all other compensatory and lawful damages permitted by law;

(e)     That Plaintiff be awarded substantial punitive damages;

(f)     That Plaintiff be awarded reasonable attorneys' fees and costs; and

(g)     That Plaintiff be awarded such other and further relief as this Court deems just and proper.

## COUNT III

**Retaliation in Violation of Pregnant Workers Fairness Act (42 U.S.C. §§ 2000gg-1 et seq.)**

103.    Plaintiff incorporates Paragraphs 1 through 102 of this Complaint as if fully set forth herein.

104.    Plaintiff was qualified for her position and had requested and used a reasonable accommodation under the Pregnant Workers Fairness Act ("PWFA") when Defendants terminated her employment and/or non-renewed her contract.

105.    Plaintiff engaged in protected activity by taking and requesting leave under the terms permitted by the PWFA.

106.    Defendants terminated Plaintiff's employment and/or non-renewed her employment contract because Plaintiff took and/or requested leave under the terms permitted by the PWFA.

107.    There was no legitimate business reason for these actions, and the reasons proffered by Defendants, if any, were pretextual.

108.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered the loss of salary, wages, tenure, bonuses, benefits, and other compensation which her employment entailed.

109.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish, loss of reputation and standing in the community, and emotional and physical distress.

110.    The unlawful conduct of the Defendants was done with malice and/or reckless indifference to Plaintiff's rights under PWFA, and was so outrageous, extreme, and in disregard of the interests of Plaintiff so as to entitle Plaintiff to an award of substantial punitive damages.

WHEREFORE, Plaintiff, Faith Haynes, respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants as follows:

(a)    That a judgment be entered finding that the Defendants intentionally discriminated against Plaintiff with malice and/or reckless indifference to Plaintiff's lawfully protected rights in violation of the Pregnant Workers Fairness Act (42 U.S.C. §§ 2000gg-1 et seq.);

(b)    That Plaintiff be awarded all wages, benefits and compensation lost due to Defendants' unlawful conduct, including back-pay and front pay, loss of benefits, tenure and other compensation, with prejudgment interest, and such other equitable relief as will make Plaintiff whole and as may be necessary to eradicate the effects of the unlawful employment practices;

(c)    That Plaintiff be made whole by being awarded compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and standing in the community, and humiliation, in amounts to be determined at trial;

(d)    That Plaintiff be awarded all other compensatory and lawful damages permitted by law;

(e)    That Plaintiff be awarded substantial punitive damages;

(f)    That Plaintiff be awarded reasonable attorneys' fees and costs; and

(g)    That Plaintiff be awarded such other and further relief as this Court deems just and proper.

<u>**COUNT IV**</u>
**Retaliation in Violation of the Family and Medical Leave Act (FMLA)**
**(29 U.S.C. §§ 2601-2654).**

111.    Plaintiff incorporates Paragraphs 1 through 110 of this Complaint as if fully set forth herein.

112.    Plaintiff was qualified for her position and was pregnant and/or suffered a medical/mental health condition related to her pregnancy when Defendants undertook the acts of discrimination alleged herein and terminated her employment and/or non-renewed her contract.

113.    Plaintiff engaged in protected activity by taking and requesting leave under the terms permitted by the FMLA.

114.    Defendants terminated Plaintiff's employment and/or non-renewed her employment contract because Plaintiff took and/or requested leave under the terms permitted by the FMLA.

115.    There was no legitimate business reason for these actions, and the reasons proffered by Defendants, if any, were pretextual.

116.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered the loss of salary, wages, tenure, bonuses, benefits, and other compensation which her employment entailed.

117.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish, loss of reputation and standing in the community, and emotional and physical distress.

118.    The unlawful conduct of the Defendants was done with malice and/or reckless indifference to Plaintiff's rights under PWFA, and was so outrageous, extreme, and in disregard of the interests of Plaintiff so as to entitle Plaintiff to an award of substantial punitive damages.

WHEREFORE, Plaintiff, Faith Haynes, respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants as follows:

(a)    That a judgment be entered finding that the Defendants intentionally discriminated against Plaintiff with malice and/or reckless indifference to Plaintiff's lawfully protected rights in violation of the Family and Medical Leave Act (29 U.S.C. §§ 2601-2654);

(b)    That Plaintiff be awarded all wages, benefits and compensation lost due to Defendants' unlawful conduct, including back-pay and front pay, loss of benefits, tenure and other compensation, with prejudgment interest, and such other equitable relief as will make Plaintiff whole and as may be necessary to eradicate the effects of the unlawful employment practices;

(c)    That Plaintiff be made whole by being awarded compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and standing in the community, and humiliation, in amounts to be determined at trial;

(d)    That Plaintiff be awarded all other compensatory and lawful damages permitted by law;

(e)    That Plaintiff be awarded substantial punitive damages;

(f)    That Plaintiff be awarded reasonable attorneys' fees and costs; and

(g)    That Plaintiff be awarded such other and further relief as this Court deems just and proper.

## COUNT V

**Discrimination Based on Pregnancy in Violation of the Illinois Human Rights Act**

119.    Plaintiff incorporates Paragraphs 1 through 118 of this Complaint as if fully set forth herein.

120.    Plaintiff was qualified for her position and was pregnant and had suffered a medical/mental health condition related to her pregnancy when Defendants undertook the acts of discrimination alleged herein and terminated her employment and/or non-renewed her contract.

121.    Similarly situated male and/or non-pregnant employees were not subjected to the unlawful conduct to which Plaintiff was subjected.

122.    The aforementioned unlawful conduct was sufficiently severe or pervasive to create a hostile working environment which altered the terms or conditions of Plaintiff's employment.

123.    The Illinois Human Rights Act states, in relevant part:

It is a civil rights violation … [f]or any employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination or citizenship status.

775 ILCS 5/2-102.

124.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff was subjected to unlawful discrimination, harassment and hostile work environment based on  her pregnancy and/or pregnancy related medical/mental health condition.

125.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered the loss of salary, wages, tenure, bonuses, benefits, and other compensation which her employment entailed.

126.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish, loss of reputation and standing in the community, and emotional and physical distress.

127.    The unlawful conduct of the Defendants was done with malice and/or reckless indifference to Plaintiff's rights under the Illinois Human Rights Act, and was so outrageous, extreme, and in disregard of the interests of Plaintiff so as to entitle Plaintiff to an award of substantial punitive damages.

WHEREFORE, Plaintiff, Faith Haynes, respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants as follows:

(a)    That a judgment be entered finding that the Defendants intentionally discriminated against Plaintiff with malice and/or reckless indifference to Plaintiff's lawfully protected rights in violation of the Illinois Human Rights Act;

(b)    That Plaintiff be awarded all wages, benefits and compensation lost due to Defendants' unlawful conduct, including back-pay and front pay, loss of benefits, tenure and other compensation, with prejudgment interest, and such other equitable relief as will make Plaintiff whole and as may be necessary to eradicate the effects of the unlawful employment practices;

(c)    That Plaintiff be made whole by being awarded compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and standing in the community, and humiliation, in amounts to be determined at trial;

(d)     That Plaintiff be awarded all other compensatory and lawful damages permitted by law;

(e)     That Plaintiff be awarded substantial punitive damages;

(f)     That Plaintiff be awarded reasonable attorneys' fees and costs; and

(g)     That Plaintiff be awarded such other and further relief as this Court deems just and proper.

## COUNT VI

### Retaliation in Violation of the Illinois Human Rights Act.

128.     Plaintiff incorporates Paragraphs 1 through 126 of this Complaint as if fully set forth herein.

129.     Plaintiff was qualified for her position and was pregnant and/or suffered a medical/mental health condition related to her pregnancy when Defendants undertook the acts of discrimination alleged herein and terminated her employment and/or non-renewed her contract.

130.     Plaintiff engaged in protected activity by reporting her pregnancy, requesting time off work to treat for pregnancy related medical/mental health conditions recommended by her treating medical care providers, voicing her opposition to Defendants' retaliation based on her pregnancy and/or pregnancy related medical/mental health condition, and requesting particular days off for medical care and treatment due to her high-risk pregnancy.

131.     Plaintiff complained of the unlawful discrimination, harassment, and hostile work environment.

132.      After Plaintiff reported and complained of the unlawful discrimination, harassment, and hostile work environment, the Defendants informed Plaintiff that they would not renew her contract of employment.

133.    There was no legitimate business reason for these actions, and the reasons proffered by Defendants, if any, were pretextual.

134.    The Illinois Human Rights Act states, in relevant part:

It is a civil rights violation for a person to retaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination.

775 ILCS 5/6-101.

135.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered the loss of salary, wages, tenure, bonuses, benefits, and other compensation which her employment entailed.

136.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish, loss of reputation and standing in the community, and emotional and physical distress.

137.    The unlawful conduct of the Defendants was done with malice and/or reckless indifference to Plaintiff's rights under the Illinois Human Rights Act, and was so outrageous, extreme, and in disregard of the interests of Plaintiff so as to entitle Plaintiff to an award of substantial punitive damages.

WHEREFORE, Plaintiff, Faith Haynes, respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants as follows:

(a)    That a judgment be entered finding that the Defendants intentionally discriminated against Plaintiff with malice and/or reckless indifference to Plaintiff's lawfully protected rights in violation of the Illinois Human Rights Act;

(b)     That Plaintiff be awarded all wages, benefits and compensation lost due to Defendants' unlawful conduct, including back-pay and front pay, loss of benefits, tenure and other compensation, with prejudgment interest, and such other equitable relief as will make Plaintiff whole and as may be necessary to eradicate the effects of the unlawful employment practices;

(c)     That Plaintiff be made whole by being awarded compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and standing in the community, and humiliation, in amounts to be determined at trial;

(d)     That Plaintiff be awarded all other compensatory and lawful damages permitted by law;

(e)     That Plaintiff be awarded substantial punitive damages;

(f)     That Plaintiff be awarded reasonable attorneys' fees and costs; and

(g)     That Plaintiff be awarded such other and further relief as this Court deems just and proper.

## <u>COUNT VII</u>

**Retaliation in Violation of the Illinois Pregnancy Discrimination Accommodation Act (IPAA)**

138.     Plaintiff incorporates Paragraphs 1 through 137 of this Complaint as if fully set forth herein.

139.     Plaintiff was qualified for her position and had requested and used a reasonable accommodation under the Illinois Pregnancy Discrimination Accommodation Act ("IPAA") when Defendants discriminated against her, terminated her employment and/or non-renewed her contract.

140.    Plaintiff engaged in protected activity by taking and requesting leave and other reasonable accommodations under the terms permitted by the IPAA.

141.    Defendants terminated Plaintiff's employment and/or non-renewed her employment contract because Plaintiff took and/or requested leave and other reasonable accommodations under the terms permitted by the IPAA.

142.    There was no legitimate business reason for these actions, and the reasons proffered by Defendants, if any, were pretextual.

143.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered the loss of salary, wages, tenure, bonuses, benefits, and other compensation which her employment entailed.

144.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish, loss of reputation and standing in the community, and emotional and physical distress.

145.    The unlawful conduct of the Defendants was done with malice and/or reckless indifference to Plaintiff's rights under IPAA, and was so outrageous, extreme, and in disregard of the interests of Plaintiff so as to entitle Plaintiff to an award of substantial punitive damages.

WHEREFORE, Plaintiff, Faith Haynes, respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants as follows:

(a)    That a judgment be entered finding that the Defendants intentionally discriminated against Plaintiff with malice and/or reckless indifference to Plaintiff's lawfully protected rights in violation of the Illinois Pregnancy Discrimination Accommodation Act;

(b)     That Plaintiff be awarded all wages, benefits and compensation lost due to Defendants' unlawful conduct, including back-pay and front pay, loss of benefits, tenure and other compensation, with prejudgment interest, and such other equitable relief as will make Plaintiff whole and as may be necessary to eradicate the effects of the unlawful employment practices;

(c)     That Plaintiff be made whole by being awarded compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and standing in the community, and humiliation, in amounts to be determined at trial;

(d)     That Plaintiff be awarded all other compensatory and lawful damages permitted by law;

(e)     That Plaintiff be awarded substantial punitive damages;

(f)     That Plaintiff be awarded reasonable attorneys' fees and costs; and

(g)     That Plaintiff be awarded such other and further relief as this Court deems just and proper.

## <u>COUNT VIII</u>
### Failure to Provide a Reasonable Accommodation in Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq.

146.     Plaintiff incorporates Paragraphs 1 through 145 of this Complaint as if fully set forth herein.

147.     Plaintiff was pregnant and suffered a miscarriage, and thereafter was diagnosed with postpartum depression, including depression, anxiety and emotional distress, and a high-risk pregnancy which affected and limited Plaintiff's ability to work and to perform activities of daily living.

148.    At all times relevant herein, Plaintiff was a member of a protected class under the Americans with Disabilities Act ("ADA") due to Plaintiffs disability and/or perceived disability

149.    As a result of her medical/mental health condition, Plaintiff was a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12111 of the ADA.

150.    Plaintiff could perform the essential functions of her position with or without a reasonable accommodation.

151.    Plaintiff notified Defendants about her disability and/or perceived disability and requested reasonable accommodations including, but not limited to, time off work from December 4, 2023 to December 8, 2023, and the ability to periodically leave work early to attend medical appointments to monitor and treat her serious medical condition arising out of her high-risk pregnancy.

152.    Defendants refused to engage in the interactive process and/or denied Plaintiff's requests for reasonable accommodations in one or more of the following ways:

(a)    Claiming Plaintiff's requested time off work from December 4, 2023 to December 8, 2023 was not for the treatment of a disability;

(b)    Claiming Plaintiff was not entitled to a reasonable accommodation in the form of time off work from December 4, 2023 to December 8, 2023 unless she was admitted to a hospital or institution;

(c)    Refusing to accept the note and/or order of Plaintiff's treating medical care providers taking Plaintiff off work for serious medical/mental health conditions;

(d)    Requiring Plaintiff to disclose the nature and reasons for medical appointments;

(e)     Docking Plaintiff's pay for time taken off work for serious medical/mental health conditions at the direction of Plaintiff's treating medical care provider;

(f)     Claiming Plaintiff's request to leave work early to attend medical appointments for her high-risk pregnancy and to make up her time by coming in earlier in the morning "*would be inequitable;*"

(g)     Terminating and/or non-renewing Plaintiff's employment for having requested reasonable accommodations under the Americans with Disabilities Act;

(h)     Such other acts and omissions as will be proven at trial.

153.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered the loss of salary, wages, tenure, bonuses, benefits, and other compensation which her employment entailed.

154.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish, loss of reputation and standing in the community, and emotional and physical distress.

155.    The unlawful conduct of the Defendants was done with malice and/or reckless indifference to Plaintiff's rights under the Americans with Disabilities Act, and was so outrageous, extreme, and in disregard of the interests of Plaintiff so as to entitle Plaintiff to an award of substantial punitive damages.

WHEREFORE, Plaintiff, Faith Haynes, respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants as follows:

(a)     That a judgment be entered finding that the Defendants intentionally discriminated against Plaintiff with malice and/or reckless indifference to Plaintiff's lawfully protected rights in violation of the Americans with Disabilities Act;

(b)     That Plaintiff be awarded all wages, benefits and compensation lost due to Defendants' unlawful conduct, including back-pay and front pay, loss of benefits, tenure and other compensation, with prejudgment interest, and such other equitable relief as will make Plaintiff whole and as may be necessary to eradicate the effects of the unlawful employment practices;

(c)     That Plaintiff be made whole by being awarded compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and standing in the community, and humiliation, in amounts to be determined at trial;

(d)     That Plaintiff be awarded all other compensatory and lawful damages permitted by law;

(e)     That Plaintiff be awarded substantial punitive damages;

(f)     That Plaintiff be awarded reasonable attorneys' fees and costs; and

(g)     That Plaintiff be awarded such other and further relief as this Court deems just and proper.

## **<u>COUNT IX</u>**
### **Retaliation in Violation of  the Americans with Disabilities Act,**
### **42 U.S.C. §§ 12181 et seq.**

155.     Plaintiff incorporates Paragraphs 1 through 154 of this Complaint as if fully set forth herein.

156.     Plaintiff was qualified for her position when Defendants fired her and/or non-renewed her contract of employment.

157.     At all times relevant herein, Plaintiff was a member of a protected class under the Americans with Disabilities Act ("ADA") due to Plaintiffs disability and/or perceived disability.

158.     Plaintiff engaged in protected activity by requesting reasonable accommodations.

159.     Defendants terminated Plaintiff's employment and/or non-renewed her employment contract because Plaintiff took and/or requested leave and other reasonable accommodations under the terms permitted by the Americans with Disabilities Act ("ADA").

160.     There was no legitimate business reason for these actions, and the reasons proffered by Defendants, if any, were pretextual.

161.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered the loss of salary, wages, tenure, bonuses, benefits, and other compensation which her employment entailed.

162.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish, loss of reputation and standing in the community, and emotional and physical distress.

163.     The unlawful conduct of the Defendants was done with malice and/or reckless indifference to Plaintiff's rights under ADA, and was so outrageous, extreme, and in disregard of the interests of Plaintiff so as to entitle Plaintiff to an award of substantial punitive damages.

WHEREFORE, Plaintiff, Faith Haynes, respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants as follows:

(a)    That a judgment be entered finding that the Defendants intentionally discriminated against Plaintiff with malice and/or reckless indifference to Plaintiff's lawfully protected rights in violation of the Americans with Disabilities Act;

(b)    That Plaintiff be awarded all wages, benefits and compensation lost due to Defendants' unlawful conduct, including back-pay and front pay, loss of benefits, tenure and other compensation, with prejudgment interest, and such other equitable relief as will make Plaintiff whole and as may be necessary to eradicate the effects of the unlawful employment practices;

(c)    That Plaintiff be made whole by being awarded compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and standing in the community, and humiliation, in amounts to be determined at trial;

(d)    That Plaintiff be awarded all other compensatory and lawful damages permitted by law;

(e)    That Plaintiff be awarded substantial punitive damages;

(f)    That Plaintiff be awarded reasonable attorneys' fees and costs; and

(g)    That Plaintiff be awarded such other and further relief as this Court deems just and proper.

## <u>COUNT X</u>
**Disability Discrimination Under the Americans with Disabilities Act,**
**42 U.S.C. §§ 12181 et seq.**

163.    Plaintiff incorporates Paragraphs 1 through 154 of this Complaint as if fully set forth herein.

164.    Plaintiff was qualified for her position when Defendants fired her and/or non-renewed her contract of employment.

165.    Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

166.    At all times relevant herein, Plaintiff was a member of a protected class under the Americans with Disabilities Act ("ADA") due to Plaintiffs disability and/or perceived disability.

167.    Plaintiff engaged in protected activity by requesting reasonable accommodations.

168.    Defendants discriminated against Plaintiff based on her disabilities and/or perceived disabilities in violation of the ADA.

169.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiffs protected class.

170.    There was no legitimate business reason for these actions, and the reasons proffered by Defendants, if any, were pretextual.

171.    Defendants discriminated against Plaintiff, subjected her to harassment and a hostile work environment, and terminated Plaintiffs employment and/or non-renewed her contract on the basis of Plaintiffs disability or perceived disability.

172.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered the loss of salary, wages, tenure, bonuses, benefits, and other compensation which her employment entailed.

173.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish, loss of reputation and standing in the community, and emotional and physical distress.

174.    The unlawful conduct of the Defendants was done with malice and/or reckless indifference to Plaintiff's rights under ADA, and was so outrageous, extreme, and in disregard of the interests of Plaintiff so as to entitle Plaintiff to an award of substantial punitive damages.

WHEREFORE, Plaintiff, Faith Haynes, respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants as follows:

(a)    That a judgment be entered finding that the Defendants intentionally discriminated against Plaintiff with malice and/or reckless indifference to Plaintiff's lawfully protected rights in violation of the Americans with Disabilities Act;

(b)    That Plaintiff be awarded all wages, benefits and compensation lost due to Defendants' unlawful conduct, including back-pay and front pay, loss of benefits, tenure and other compensation, with prejudgment interest, and such other equitable relief as will make Plaintiff whole and as may be necessary to eradicate the effects of the unlawful employment practices;

(c)    That Plaintiff be made whole by being awarded compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and standing in the community, and humiliation, in amounts to be determined at trial;

(d)    That Plaintiff be awarded all other compensatory and lawful damages permitted by law;

(e)    That Plaintiff be awarded substantial punitive damages;

(f)    That Plaintiff be awarded reasonable attorneys' fees and costs; and

(g)    That Plaintiff be awarded such other and further relief as this Court deems just and proper.

## COUNT XI
### Intentional Infliction of Emotional Distress

175.    Plaintiff incorporates Paragraphs 1 through 174 of this Complaint as if fully set forth herein.

176.    At all times relevant herein, the Defendants knew, or should have known, that Plaintiff had been diagnosed with postpartum depression, including depression, anxiety and emotional distress, and/or a high-risk pregnancy after having recently suffered a miscarriage.

177.    At all times relevant herein, the Defendants knew, or should have known, that Plaintiff's physical and emotional condition made her susceptible to emotional distress.

178.    The conduct of the Defendants was extreme and outrageous and could reasonably be expected to cause severe emotional distress.

179.    Defendants knew or should have known that there was a high probability that t the above-mentioned conduct would cause Plaintiff emotional distress.

180.    As a result of the above-mentioned conduct, Plaintiff has in fact suffered emotional distress.

181.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, from damages including, but not limited to, humiliation, embarrassment, degradation, mental anguish, and emotional and physical distress.

182.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, from physical symptoms and ailments resulting from the Defendants' intentional infliction of emotional distress, including, but not limited to, pain and suffering, loss of enjoyment of life, lost time from work, lost income and other physical, emotional and economic damages and injuries.  Plaintiff has and will continue in the future to endure pain, suffering and disability as a result of these injuries, and has incurred, and will

continue to incur, medical expenses for treatment of said injuries as well as lost wages and income.  In addition, Plaintiff has been hindered and prevented, and will be hindered and prevented in the future, from engaging in her full employment and from attending to her usual duties, affairs and activities of daily living, and as a result of said injuries, has and will continue in the future to lose money, wages, income and benefits which otherwise would have accrued to her.

WHEREFORE, Plaintiff, Faith Haynes, respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants as follows:

(a)     That a judgment be entered finding that the Defendants intentionally inflicted emotional distress on the Plaintiff

(b)     That Plaintiff be awarded all compensatory and other lawful damages permitted by law;

(c)     That Plaintiff be awarded prejudgment interest;

(d)     That Plaintiff be awarded costs, and

(e)     That Plaintiff be awarded such other and further relief as this Court deems just and proper

Respectfully Submitted,

MATHIS, MARIFIAN & RICHTER, LTD.


By    */s/Mark S. Schuver*                

     Mark S. Schuver, #6197656
     Montana L. Sinn, #06339689
     23 Public Square, Suite 300
     P.O. Box 307
     Belleville, IL 62220
     (618) 234-9800 Phone
     (618) 234-9786 Fax
     mschuver@mmrltd.com
     msinn@mmrltd.com

     Attorneys for Plaintiff