IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FAITH HAYNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:25-CV-01143-DWD |
| ) | |
| MASCOUTAH COMMUNITY UNIT ) | |
| SCHOOL DISTRICT 19 BOARD OF ) | |
| EDUCATION, ET AL, ) | |
| ) | |
| Defendants. | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

In this action, Plaintiff Faith Haynes seeks relief against Defendants Mascoutah Community Unit School District 19 Board of Education, Brandon Woodrome, Travis Klein, and Dr. Dave Deets pursuant to Title VII of the Civil Rights Act of 1964, the Pregnant Workers Fairness Act ("PWFA"), the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and a state law claim of intentional infliction of emotional distress ("IIED"). (Doc. 31). Now before the Court is Defendants' Partial Motion to Dismiss and Strike. (Doc. 33). For the reasons provided herein, Defendants' Motion is **GRANTED**.

## BACKGROUND

The facts alleged in Plaintiff's First Amended Complaint relevant to the instant motion are as follows: Plaintiff was a teacher and employee of the Mascoutah Community Unit School District 19 Board of Education (hereinafter "the District"). (Doc. 31, pg. 4). Defendant Klein is the Principal of the school in which Plaintiff taught. (*Id.*). Defendants

Woodrome and Deets are the District's Assistant Superintendent and Superintendent, respectively. (*Id.*, pgs. 6, 10). Plaintiff's last day of employment with the District was May 23, 2024, after she received a letter from the District informing her that it had acted to non-renew her employment. (*Id.*, pg. 11).

Plaintiff filed her initial Complaint on May 30, 2025. (Doc. 1). Her latest amended pleading alleges that the decision to non-renew her employment was a discriminatory and retaliatory act by the Defendants due to certain disabilities relating to her pregnancy. (Doc. 31, pg. 28). She brings seven counts under various federal statutes, as well as an eighth cause of action under Illinois state law for IIED. (*Id.*, pgs. 13-28). Defendants' Partial Motion to Dismiss and Strike asks the Court to dismiss Plaintiff's state law claim pursuant to Rule 12(b)(6) and strike Plaintiff's prayers for punitive damages in Counts I-VII. (Doc. 33, pg. 2). Plaintiff responded in opposition to the motion for dismissal and withdrew her requests for punitive damages. (Doc. 36, pg. 2, n. 1).

## DISCUSSION

Rule 12(b)(6) allows challenges to a pleading based upon the failure to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). To survive a Rule 12(b)(6) motion, which tests the sufficiency of the pleading but not its merits, the plaintiff must allege enough facts for the claim to be facially plausible. *Kloss v. Acuant, Inc.*, 462 F. Supp. 3d 873, 876 (7th Cir. 2020) (quoting *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012)); *Fosnight v. Jones*, 41 F.4th 916, 921-22 (7th Cir. 2022) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007)); *see also Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 537 (7th Cir. 2011) (affirming district court's dismissal of time-barred claim under Rule 12). When ruling on motions to dismiss, courts accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Ent. Inc.*, 763 F.3d 696, 700 (7th Cir. 2014).

Defendants argue that Plaintiff's IIED claim should be dismissed with prejudice because it is time-barred. (Doc. 33, pg. 3). Specifically, Defendants assert that Plaintiff brought her claim after the one-year statute of limitations for state law claims against a local public entity or its employees pursuant to the Illinois Local Government and Governmental Employees Tort Immunity Act, 745 ILL. COMP. STAT. 10/8-101(a). (*Id.*).

Plaintiff's riposte does not contest that analysis. Instead, Plaintiff argues that "relevant holdings in both this Circuit and others are persuasive to establish that a tolling of this period is applicable in the instant case." (Doc. 36, pg. 2). In support, Plaintiff raises *Juarez v. Ameritech Mobile Communications Inc.*, 957 F.2d 317 (7th Cir. 1992), and *Arnold v. United States*, 816 F.2d 1306 (9th Cir. 1987). Plaintiff reasons that "[b]ecause Plaintiff's claims are necessarily intertwined and result from the same harm, as opposed to being 'separate from, and independent of' one another, the limitations period for her claim of IIED should be tolled" while Plaintiff exhausted administrative remedies. (Doc. 36, pg. 2 (citing *Juarez*, 957 F.2d at 322-23; *Arnold*, 816 F.2d at 1312)).

In *Juarez*, the Seventh Circuit held that the plaintiff's filing of an EEOC charge did not toll the statute of limitations for her state law claim of invasion of privacy. 957 F.2d at 322-23. It reasoned that plaintiff's claim for invasion of privacy under state law was

3

"clearly separate from, and independent of, Title VII" because it vindicates "her right to be free from 'offensive or objectionable' intrusion into her seclusion[,]" whereas a Title VII claim vindicates her right to be free from discriminatory treatment based on her sex. *Id.*

Similarly, in *Arnold*, the Ninth Circuit held that plaintiff's state law claims were barred by the statute of limitations. 816 F.2d at 1312-13 ("[E]quitable tolling does not apply when a plaintiff has pursued a remedy as to only one of several distinct wrongs."). The court distinguished her state law claims from her Title VII claims on the basis that they seek "to vindicate not her right to be free from discrimination in the workplace, but rather her right to be free from bodily or emotional injury caused by another person." *Id.*

Plaintiff asserts that her state law claims stand in contrast to the examples of *Juarez* and *Arnold*. She argues that her claim for IIED is not "clearly separate from, and independent of Title VII" and therefore "vindicates her right to be free from discriminatory treatment" because "the wrongs underlying each claim—discriminatory treatment—are the same." (Doc. 36, pgs. 2, 5). But this conclusion misconstrues the reasoning in *Juarez* and *Arnold*. The courts in those cases determined whether the state law claims at issue were separate from, and independent of, the Title VII claims pursued in EEOC charges based on the right each cause of action aims to vindicate. *Juarez*, 957 F.2d at 322-23; *Arnold*, 816 F.2d at 1312-13. Plaintiff's position here conflates the harmful conduct that forms the basis of her claims with the right each claim aims to vindicate.

Under Illinois law, a claim for IIED vindicates a plaintiff's right to be free from extreme and outrageous conduct intended to cause severe emotional distress. *See*

4

*Blatnicky v. Village of Shorewood*, No. 94-C-3213, 1996 WL 180070, *2 (N.D. Ill. April 15, 1996) (listing the elements for an IIED claim as "(1) that the conduct involved is truly extreme and outrageous; (2) that the actor either intends that the conduct cause severe emotional distress or knows that there is a high probability that the conduct will cause severe emotional distress; and (3) that the conduct in fact causes severe emotional distress.") (citing *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988)).

Here, as in *Juarez* and *Arnold*, Plaintiff's state law claim rests on the same conduct as her Title VII claim. That conduct need not be discriminatory for her IIED claim to be actionable. Plaintiff's IIED claim vindicates her right to be free from extreme and outrageous conduct intended to cause her severe emotional distress, and in this case the alleged extreme and outrageous conduct is Defendants' treatment of Plaintiff. (Doc. 31, pgs. 28-29). As such, Plaintiff's IIED claim is "clearly separate from, and independent of, Title VII" and therefore "the time for filing that claim is not tolled by the filing of a discrimination charge with the EEOC." *See Juarez*, 957 F.2d at 322-23; *see also Johnson v. Railway Express Agency*, 421 U.S. 454, 461 (1975) (finding limitations period for claim brought under 42 U.S.C. § 1981 not tolled by filing Title VII charge with EEOC, acknowledging that Congress did not intend for such administrative proceedings to delay litigation of otherwise viable causes of action).

Even when viewing the facts in a light most favorable to the Plaintiff and using her last day of employment with the District as the last date of her alleged injury, her IIED claim is untimely. Plaintiff's last day of employment with the District was May 23, 2024. (Doc. 31, pg. 11). She did not file her initial complaint until May 30, 2025. (Doc. 1).

Thus, Plaintiff failed to bring her IIED claim within the one-year limitation period for bringing claims against a local public entity or its employees pursuant to the Illinois Local Government and Governmental Employees Tort Immunity Act, 745 Ill. Comp. Stat. 10/8-101(a). Accordingly, the Court concludes that Plaintiff's state law claim for IIED is time-barred.

## DISPOSITION

For the reasons provided herein, Defendants' Partial Motion to Dismiss and Strike (Doc. 33) is **GRANTED**. Count VIII of Plaintiff's First Amended Complaint (Doc. 31) is **DISMISSED with prejudice**. Further, Plaintiff's now-withdrawn prayers for punitive damages in Counts I-VII are **STRICKEN**.

**SO ORDERED.**

Dated: February 13, 2026

*/s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge